IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

*In re:*

CASE NO. 9:20-bk-08465-FMD

CHAPTER 11

HAMILTON STAPLES,

    Debtor.

_____/

## RESPONSE TO MOTION TO COMPEL ACCEPTANCE OF ADEQUATE PROTECTION

Comes now, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE LODGE SERIES III TRUST ("Secured Creditor"), a secured creditor in the above-styled cause, and files this response in opposition to the Debtor's Motion to Compel (DE 51), and states as follows:

1. On January 26, 2021, the Debtor filed a Motion to Compel Secured Creditor to Accept Adequate Protection Payments, Credit Pre-Petition Unapplied Funds and Provide Accounting ("Motion")(DE 51), regarding the property located at 25 Medalist Way, Rotonda West, FL 33947 ("Property").

2. Secured Creditor holds a first priority lien on the Property, by virtue of the Note and Mortgage executed by the Debtor and secured by the Property.

3. In the Motion, the Debtor claims to have attempted to submit adequate protection payments of principal, interest and escrow of $1,171.06. A review of Secured Creditor's loan servicer, SN Servicing Corporation's records, there is no evidence of any attempts by the Debtor to submit payments since the bankruptcy petition was filed, or any rejection of the same.

4. The Debtor currently also has a pending Motion to Determine Secured Status (DE 42) before the court, and Secured Creditor is in agreement to allow adequate protection payments of principal interest and escrow of $1,516.16, while resolution of the Motion to Determine Secured Status is pending. $1,516.16 is the correct current post petition payment due to Secured

Creditor, as evidenced by Proof of Claim Number 10.

5. The Debtor further alleges that Secured Creditor is holding $863.60 in unapplied funds, and requests that said amounts be applied to their loan with Secured Creditor. Secured Creditor is in fact holding unapplied funds of $863.60. Said funds must remain in suspense until such time that the total in suspense is equal to one monthly payment amount, at which point the funds can be applied to the loan.

6. The Debtor alleges in Paragraph 4 of the Motion that Secured Creditor has not been in communication with the Sub Chapter V Trustee in this matter, regarding resolution of any outstanding issues. Undersigned counsel has been in constant contact with Sub Chapter V Trustee since being retained, and have utilized their services to assist in expediting the appraisal process in relation to the Motion to Determine Secured Status.

7. Finally the Debtor is compelling Secured Creditor to provide an accounting of their mortgage account. A full accounting through the Chapter 11 Petition Date is contained in the filed Proof of Claim Number 10.

**WHEREFORE**, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE IGLOO SERIES IV TRUST respectfully requests the Court enter an order denying the Debtor's Motion to Compel, direct the Debtor to begin making adequate protection payments to Secured Creditor of $1,516.16, and for such other relief that the Court deems just.

Respectfully submitted,
HOWARD LAW GROUP

 /s/ Matthew Klein
MATTHEW B. KLEIN
FLORIDA BAR#: 73529
4755 Technology Way, Suite 104
Boca Raton, FL 33431
Telephone: 954-893-7874
Fax: 888-235-0017
Email: matthew@howardlaw.com

**I HEREBY CERTIFY** that on February 10, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System, which will send a notice of electronic filing to all CM/ECF participants:

Amy Denton Harris, Trustee, 110 East Madison Street, Suite 200, Tampa, FL 33602

Benjamin E. Lambers, Esq., 501 East Polk Street, Suite 1200, Tampa, FL 33602

Office of the US Trustee, 501 East Polk Street, Suite 1200, Tampa, FL 33602

And a true and correct copy was sent via US Mail to:

Hamilton Staples, 25 Medalist Way, Rotonda West, FL 33947

    /s/ Matthew Klein
MATTHEW B. KLEIN