ORDERED.

**Dated:  April 07, 2022**

Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                                    Case No. 2:20-bk-08465-FMD
                                                                              Chapter 11

Hamilton Staples
dba Hamilton Staples Contracting,

                    Debtor.
_____/

### ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER DIRECTING DEBTOR TO FILE AMENDED DESIGNATION OF RECORD ON APPEAL

THIS CASE came before the Court without a hearing to consider Debtor's *Motion for Reconsideration of the Court's Order* (the "Reconsideration Motion").[1] The Reconsideration Motion relates to the Court's *Order Directing Debtor to File an Amended Designation of Record on Appeal.*[2]

Debtor appealed the order confirming his Fourth Amended Plan of Reorganization (the "Confirmation Order").[3] Debtor's designation of the items to be included in the record on appeal consists of a copy of the 56-page CM/ECF docket in this case (as of February 16, 2022), a total of 454 docket entries (the "Designation").[4] Upon review of the of the Designation, the Court, on

---

[1] Doc. No. 485.
[2] Doc. No. 479.
[3] Doc. Nos. 451, 453.
[4] Doc. No. 459.

March 29, 2022, entered an order directing Debtor to file an amended designation of the record on appeal that lists those items that the Court considered in entering the Confirmation Order or "that are closely related to the two issues presented by Debtor on appeal" no later than April 22, 2022.

In the Reconsideration Motion, Debtor asserts that he does not know what the Court considered when it entered the Confirmation Order and therefore asks the Court for further guidance in designating the record on appeal. But under Federal Rule of Bankruptcy Procedure 8009(a), the *appellant* is charged with filing and serving the designation of record.[5] Here, Debtor has two specific issues on appeal, he attended every hearing at which the Court considered confirmation of his plan and actively participated in the hearings, he has a copy of the docket, and he may request digital audio recordings or purchase transcripts of the hearings.[6]

In other words, Debtor possesses the information necessary determine what items were considered by the Court in entering the Confirmation Order or what items are closely related to the two specific issues presented on appeal. Under Federal Rule of Bankruptcy Procedure 8009(e), the bankruptcy court's role is generally limited to resolving disputes over whether a party improperly designated an item as part of the record on appeal—not to offering a party "guidance" in the preparation of the designation.[7]

Accordingly, it is

**ORDERED** that the Reconsideration Motion (Doc. No. 485) is **DENIED**.

Clerk's Office to serve on interested parties via CM/ECF and upon Debtor by U.S. Mail.

---

[5] Fed. R. Bankr. P. 8009(a)(1)(A) (emphasis added).
[6] *See* the Court's website at www.flmb.uscourts.gov.
[7] *See In re Imperial Petroleum Recovery Corporation*, 2022 WL 90607, at *2 (Bankr. S.D. Tex. Jan. 7, 2022).